CASE# 13-33011-KRH

# AFFIDAVIT OF SERVICE

## SERVICE BY PRIVATE PROCESS

I, the undersigned __J. LANDIS EDWARDS__ do hereby certify that I am over eighteen years of age, am not a party to or otherwise interested in the subject matter in controversy, and I further attest:

On the __10TH__ day of __June__, 2014 at __11:44__ (am)/pm, I served:

__CHARLES SCHWAB & CO. INC__
__c/o CT Corporation System__
__4701 Cox Road, Ste 285__
__Glen Allen, VA 23060__

RICHMOND DIVISION
FILED
JUN 18 2014
CLERK
U.S. BANKRUPTCY COURT

**The attached:**

☒ Subpoena Duces Tecum   ☐ Summons to Answer Interrogatories   ☐ Witness Subpoena
☐ Garnishment Summons   ☐ Summons and Complaint   ☐ Other _____

☐ Personal Service _____
☒ Registered Agent __LISA ULLRICH__

**Being unable to make personal service, a copy was delivered in the following manner:**

☐ Delivered to person found in charge of the usual place of business or employment during business hours and giving information of its purport.

    Delivered to: _____

☐ Delivered to a family member, not a temporary sojourner or guest, aged sixteen or older, at the usual place of abode of the named party.

    Delivered to: _____

☐ Posted on the front door or other such entrance as appears to be the main entrance.

☐ Served on the Secretary of the Commonwealth. Accepted by: _____

☐ Served on the State Corporation Commission. Accepted by: _____

☐ Not found / Unable to Serve

PROCESS SERVER: _[signature]_
J. LANDIS SERVICES, LLC
P.O. BOX 1912
RICHMOND, VA 23218

Attempt(s): _____
Amended Address: _____

Sworn and affirmed before me this __10__ day of __June__, 2014
County/City of __Richmond__
Notary Public: _[signature]_
My Commission Expires __01/31/16__

[Notary Seal: MICHAEL MAGGI, COMMONWEALTH OF VIRGINIA, NOTARY PUBLIC, ID# 7176112]

# Service Authorization
# CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CT's capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:

> "Registered office and registered agent.
> A. ...
>
> B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

***As such, neither CT Corporation System, nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.***

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Lisa Uttech        Katie Bush        Teresa Brown

This authorization does not certify the receipt or acceptance of any specific process.

_____
Lisa Uttech
Corporate Operations Manager
CT Corporation System


State of Virginia
County of Henrico

This day personally appeared before me, Lisa Uttech, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.
Subscribed and sworn before me this 5th day of June, 2014.

#286304

_____
Notary Public

Comm exp. 8/31/17

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

# UNITED STATES BANKRUPTCY COURT

Eastern District of Virginia

In re WILLIAM ANDREW KARO
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 13-33011-KRH

Chapter 7

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Charles Schwab & Co., Inc., c/o CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, VA 23060
*(Name of person to whom the subpoena is directed)*

[X] *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
See Exhibit A attached hereto.

| PLACE Kutak Rock LLP, 1111 E. Main Street, Suite 800, Richmond, VA 23219 | DATE AND TIME June 20, 2014 at 1:00PM or by agreement with Alison W. Feehan, Esq. |
|---|---|

[ ] *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 6/6/2014

CLERK OF COURT

OR

_____     _____
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)*
Special Counsel for Bruce Robinson, Trustee , who issues or requests this subpoena, are:
Alison W. Feehan, Esq., Kutak Rock LLP, 1111 E. Main Street, Ste. 800, Richmond, VA 23219  804-644-1700

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i) is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i) fails to allow a reasonable time to comply;
      (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv) subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or
      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i) expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

## EXHIBIT A TO SUBPOENA

## DEFINITIONS AND INSTRUCTIONS

1. "You" refers to Charles Schwab & Co., Inc., the entity to whom this subpoena is directed, and its agents, employees, representatives, attorneys and/or anyone acting on behalf of the foregoing.

2. The term "person" means any natural person, individual, proprietorship, partnership, corporation, limited liability company, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons or other entity.

3. "Document" means any written, printed, typed, e-mailed, recorded, transcribed, photographed, electronic or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, interoffice and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, cancelled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (and any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or aural records or representations of any kind (including without limitation photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation tapes, cassettes, discs and records).

4. The term "all documents" means every document or group of documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

5. The term "relating to" means pertaining to, affecting, involving or being connected to.

6. As used herein the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

7. If you cannot respond to any of the following requests in full, respond to the extent possible, specifying the reasons why you are unable to respond in full, and provide whatever information you have concerning the unproduced documents or portions of documents, including the location of each document identified and the source or sources from which the documents or portions thereof may be obtained.

8. If any document that is responsive to a request is no longer complete or has been altered, state in what respect the document is incomplete or altered and explain the reasons therefor.

*If any such document is no longer in existence or no longer in your possession, custody, or control, state the disposition of the document, the reasons for such disposition, the date of the disposition, the identity of the person ordering, authorizing, or supervising such disposition, the person performing the disposition, the substance or the contents of the document disposed of, and the identity of all persons having knowledge of the contents thereof.*

9. If you choose to withhold any documents from production on the grounds of privilege or the like, you must, in addition to identifying the documents so withheld, provide a privilege log or schedule containing for each such document:

(a) a description of the type and contents of each such document claimed to be privileged and its date and current custodian and present location;
(b) the name, occupation and capacity of the document's author;
(c) the name, occupation and capacity of the each addressee of the document;
(d) the name, occupation and capacity of each other person who obtained the document or a copy thereof or to whom the document was disseminated or who was informed of the document's contents; and
(e) the privilege(s) claimed and, for each privilege claimed, a statement of the factual basis for applicability of the privilege.

## DOCUMENTS TO BE PRODUCED BY YOU

All documents and/or statements relating to any financial instruments or accounts in the name of and/or for the benefit of Page S. Karo (SSN: 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), William A. Karo (SSN: 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) and/or William Andrew Karo, II (a minor), either individually or jointly or otherwise having a right of beneficial or direct ownership, including but not limited to Account 5591-0482 (Schwab One Custodial Account) in the name Page S. Karo Cust for William Andrew Karo II UVAUTMA until age 18, from January 1, 2009 through December 31, 2013, including but not limited to the following documents:

(1) All statements;

(2) All underwriting files, including but not limited to all loan request documents, commitment letters, credit reports, financial statements, and tax returns of all borrowers;

(3) Copies of the front and back of all checks, including all records showing the financial institution where any such check was deposited;

(4) Copies of all loan documents, including but not limited to all mortgages, loan agreements, promissory notes, guaranties, notice of final agreement, disbursement authorizations, disbursement requests, and all other documents comprising any loan file;

(5) All communications between you and Page S. Karo, William A. Karo, and/or William Andrew Karo, II, either individually or jointly;

(6) All contracts and/or agreements signed by Page S. Karo, William A. Karo, and/or William Andrew Karo, II, either individually or jointly, including but not limited to new account forms and account opening documents;

(7) All notes of brokers, including but not limited to any financial consultant or any other broker who provided advice to Page S. Karo, William A. Karo, and/or William Andrew Karo, II either individually or jointly; and

(8) All documents relating to the net worth of Page S. Karo, William A. Karo, and/or William Andrew Karo, II either individually or jointly.

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, a true and correct copy of the *Subpoena for Charles Schwab & Co., Inc. to Produce Documents* was served via electronic mail and/or first-class mail, postage prepaid, on the following parties:

William Andrew Karo
430 N. Parham Road
Henrico, VA 23229

Charles H. Krumbein, Esq.
Email: charlesh@krumbein.com
Counsel for Debtor

Robert A. Canfield, Esq.
Email: bcanfield@canfieldbaer.com

Shannon Franklin Pecoraro, Esq.
Email: shannon.franklin@usdoj.gov

                                        **KUTAK ROCK LLP**

                                        By: _____
Loc Pfeiffer, VSB #39632
Alison W. Feehan, VSB #35225
1111 East Main Street, Suite 800
Richmond, VA 23219
804-644-1700
loc.pfeiffer@kutakrock.com
alison.feehan@kutakrock.com
*Special Counsel for Bruce Robinson, Trustee*

4843-3893-7371.1