UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

In re:  William Andrew Karo                    Case No. 13-33011-KRH
                                               Chapter 7

## OBJECTION OF PAGE S. KARO TO TRUSTEE'S MOTION FOR SANCTIONS

COMES NOW Page S. Karo, by counsel, and objects to the Motion filed by Bruce Robinson, Trustee, by his counsel, Alison Feehan, by reason of the following:

1. Page S. Karo provided counsel for the trustee, Alison Feehan, with over approximately 2,500 pages of discovery material, per the 2004 Examination Order. Ms. Karo provided every piece of paper, page, statement, etc. that she was able to locate. Her production was clearly not "deficient" as Ms. Feehan so inaccurately describes in her Motion. Counsel for Ms. Karo has been very clear with Ms. Feehan that these were all of the documents in Karo's possession. Ms. Feehan's allegation that Ms. Karo has "stonewalled" the Trustee is an outright lie and a manipulation created by Ms. Feehan to sway this Court.

2. Ms. Feehan argues that the discovery production delivered to her was "scattered and produced haphazardly with numerous missing pages." Ms. Karo's counsel has already dealt with this matter with Ms. Feehan. Below, please see an outline of the pertinent facts, which refer you to the attached relevant exhibits for a more particular accounting of

---

Robert A. Canfield, VSB 16901
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, VA 23230
☎ 804-673-6600
📠 804-673-6604
*Counsel for Page S. Karo*

these matters:

a. <u>Exhibit 1</u>: E-mail dated June 6, 2014 at 3:53 on a Friday afternoon from Ms. Feehan, giving counsel for Ms. Karo only one business day to provide supplementary discovery.

b. <u>Exhibit 2</u>: Response to e-mail referenced as <u>Exhibit 1</u> from office of Ms. Karo's counsel, outlining that Ms. Feehan's request obviously cannot be completed immediately, due to the sheer amount of discovery documentation that needed to be sifted through.

c. <u>Exhibit 3</u>: E-mail from Ms. Karo's counsel's office to Ms. Feehan dated June 11, 2014, providing additional discovery, informing her of discovery to be mailed, and informing her that Ms. Karo is simply unaware of the location of the documents requested. The e-mail also included a privilege log, to which counsel for Ms. Page has received no feedback, criticism, or response to until Ms. Feehan filed her Motion for Sanctions. No timely objection was ever made to the log provided. As Ms. Feehan did not object to said privilege log provided to her, she certainly cannot now argue she should have access to privileged and confidential information or that sanctions should be imposed. Further, it would be ridiculous to assert, as Ms. Feehan has in her Motion, that Ms. Karo's communications are not protected due to the Crime-Fraud Exception, as her privileged communications were clearly not made for the purpose of getting advice for the commission of a fraud or for an unlawful purpose, as Ms. Page has not been accused of committing any crime. To say that the Crime-Fraud Exception applies to Ms. Karo is reaching at best, but more probably simply made in bad faith.

    d. Further, on June 13, 2014, an additional 285 pages of discovery material was sent to Ms. Feehan.

3. Given the massive amounts of information provided to Ms. Feehan, her claim that she has been "stonewalled" is ludicrous and untrue, clearly made in bad faith.

4. Ms. Feehan argues that the production is "deficient" due to the fact that the documents are not organized to her liking and there were blank pages included. Thousands of pages were reproduced in order to appease Ms. Feehan's request and two-sided bank statements were recopied so that they were one-sided, for her convenience and to avoid any complaints from Ms. Feehan. As a result, Ms. Feehan is outraged that some of the blank pages of the two-sided documents were included in Ms. Karo's response. Ms. Karo provided every piece of paper that was in her possession and that included the second page of any two-sided document, so that she would not be accused of withholding information.

5. Page S. Karo had no duty to provide the e-mails requested of her, as Ms. Feehan has no right to those e-mails.

6. Ms. Karo has no access to the missing documentation of 18+ various accounts that Ms. Feehan would like. Ms. Feehan is obviously very familiar with filing subpoenas in this case and has filed subpoenas with various banks. Her request that Ms. Karo also supply her with copies of these statements, which she does not have, is burdensome, vexatious, and a clear example of her harassing Ms. Karo with uneconomical and unnecessary requests.

7. Ms. Karo's production has been complete and through to the best of her ability and meets the requirements of the law.

8. Further, Ms. Feehan has not stated a cause of action in her Motion, as there was no indication of her statutory basis for asking for sanctions or even what those sanctions would be if granted.

9. It is further argued that the filing of the Motion for Sanctions is a thinly-veiled attempt by Ms. Feehan to pad her possible attorney fees in this case, should the estate recover any funds. Ms. Feehan could have easily accessed these materials herself but, instead, has created an abundance of additional litigation, pretending that her requests have blatantly been ignored when Ms. Karo has produced all that she is able to and counsel for Ms. Karo has consistently communicated with Ms. Feehan as to the production of the requested discovery documents. As a result, Ms. Karo will be filing her own Motion for Sanctions against Alison Feehan and Ms. Feehan was given her 21 day notice of such on July 23, 2014.

WHEREFORE, Page S. Karo requests that this Court dismiss the Motion for Sanctions as they were filed in bad faith and contain blatant lies and to award any further relief that this Court may deem necessary.

                                                 PAGE S. KARO

                                        By: /s/ Robert A. Canfield
                                             Counsel

Robert A. Canfield, VSB 16901
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Suite 200
Richmond, VA 23230
☎ 804-673-6600
🖷 804-673-6604
*Counsel for Page S. Karo*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of July, 2014 a copy of the foregoing Objection was either electronically transmitted and/or mailed by regular mail, postage prepaid to all necessary parties:

Alison Feehan
Kutak Rock LLP
1111 East Main Street, Ste. 800
Richmond, VA 23219

Loc Pfeiffer
Kutak Rock LLP
1111 East Main Street, Ste. 800
Richmond, VA 23219

Page S. Karo
430 North Parham Road
Henrico, VA 23229

Charles A. Krumbein
Krumbein & Associates, PLLC
1650 Willow Lawn Drive, Ste. 201
Richmond, VA 23230

Bruce Robinson, via e-mail and ECF
at bruce.robinsontr@gmail.com

/s/ Robert A. Canfield
Robert A. Canfield

# Kathleen Kruck

| | |
|---|---|
| **From:** | Bob Canfield <bcanfield@canfieldbaer.com> |
| **Sent:** | Wednesday, June 11, 2014 7:18 AM |
| **To:** | kkruck@canfieldbaer.com |
| **Subject:** | Fwd: In re William Andrew Karo; Case No. 13-33011 |
| **Attachments:** | Karo documents.PDF; Untitled attachment 00350.htm |

Sent from my iPhone

Begin forwarded message:

> **From:** "Dodge, Jennifer A." <Jennifer.Dodge@KutakRock.com>
> **Date:** June 6, 2014 at 3:53:44 PM EDT
> **To:** "bcanfield@canfieldbaer.com" <bcanfield@canfieldbaer.com>
> **Cc:** "Feehan, Alison W." <Alison.Feehan@KutakRock.com>, "Pfeiffer, Loc" <Loc.Pfeiffer@KutakRock.com>
> **Subject: In re William Andrew Karo; Case No. 13-33011**
>
> Dear Mr. Canfield:
>
> As you are aware, I represent the Chapter 7 trustee in this case along with Loc Pfeiffer. I am writing in response to your letter of June 4, 2014 regarding Mrs. Karo's response to the Order of the Court entered April 4, 2014 (the "Order") in this matter.
>
> You indicate that Mrs. Karo justifies her failure to comply with the Order in reliance on the attorney-client privilege. Please provide a privilege log to support this contention.
>
> Provide copies of the 2010, 2011 and 2012 tax returns. Even if these returns were given to Mr. Karo's counsel, that does not satisfy Mrs. Karo's obligation to comply with the Order.
>
> Attached are documents produced by your firm that reflect copying problems. As you can see, they are not legible and need to be reproduced.
>
> Provide a supplemental production regarding the multiple documents including the previously itemized financial statements that were partially copied or missing altogether.
>
> As to each category specified in the Order, provide an itemized response. It is insufficient for Mrs. Karo to state without explanation that "Ms. Karo has produced everything that she could locate." The Order requires Mrs. Karo to "provide a written response to counsel explaining the effort to locate the documents, the reason for the lack of production and the location or disposition of the documents to the extent documents cannot be produced . . . ." For example, has she requested copies of her bank statements? Has she asked her accountant for copies of the tax returns?
>
> This letter is our second attempt to "meet and confer" in good faith to resolve this matter without burdening the Court with motion practice. **If Mrs. Karo intends to provide further responses,**

1

EXHIBIT 1

we request that you respond to this letter no later than the close of business on **June 9, 2014**.

Alison W. Feehan
Kutak Rock LLP
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
804 343-5205 (phone)
804 783-6192 (fax)

---

This E-mail message is confidential, is intended only for the named recipients above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message.
Thank you.

---

2

# Kathleen Kruck

**From:** Kathleen Kruck <kkruck@canfieldbaer.com>
**Sent:** Monday, June 09, 2014 12:48 PM
**To:** 'jennifer.dodge@kutakrock.com'; 'alison.feehan@kutakrock.com'
**Subject:** FW: Karo subpoena

Dear Ms. Feehan and Ms. Dodge,

I have read the two e-mails that were sent to Mr. Canfield on Friday. He was not in the office on Friday and will not be back in until Wednesday morning.

On May 12, 2014, we mailed you our response to the subpoena. The copier that does our faxing and scanning is currently out of commission, so I can't send it. I will be leaving the office shortly and will not be back in until Wednesday. I will leave a copy of the letter we sent with our receptionist so that she can at least fax you a copy after the copier technician finally graces us with his presence.

As for your other e-mail, I obviously need Mr. Canfield to review it. I can answer a few of your requests, however.

-Mr. Karo sent Ms. Karo an electronic copy of the 2010, 2011, and 2012 tax returns. They are, however, password-protected. Mr. Karo has forgotten the passwords. As you know, relations between those two are not very good, so just getting to that point took some effort. Ms. Karo is trying to get the passwords from the accountant.

-We are going to have to pull all of the Karo binders and find the pages that you have requested to be recopied. Obviously, given the sheer amount of discovery documentation, this request cannot be completed immediately.


Kathleen C. Kruck
Paralegal to Robert A. Canfield, Esq.
and Hunter R. Wells, Esq.
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Ste. 200
Richmond, Virginia 23230
Phone: (804) 673-6600
Fax: (804) 673-6604
kkruck@canfieldbaer.com

---

**From:** Robert A. Canfield [mailto:bcanfield@canfieldbaer.com]
**Sent:** Monday, June 09, 2014 7:04 AM
**To:** 'Kathleen C. Kruck'
**Subject:** FW: Karo subpoena

---

**From:** Feehan, Alison W. [mailto:Alison.Feehan@KutakRock.com]
**Sent:** Friday, June 06, 2014 10:41 AM
**To:** bcanfield@canfieldbaer.com


EXHIBIT 2

1

Document    Page 9 of 10

**Cc:** Dodge, Jennifer A.; Pfeiffer, Loc
**Subject:** Karo subpoena

Mr. Canfield, I am writing regarding a subpoena that was served on your firm requesting files relating to the representation of William Karo. To date we have not received a response. The subpoena was served on the registered agent of record, Paul Curley. Even though he is no longer with your firm, he was the registered agent on file with the SCC. Please advise regarding the status of your firm's response. Thank you


Alison W. Feehan
Kutak Rock LLP
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
804 343-5205 (phone)
804 783-6192 (fax)

This E-mail message is confidential, is intended only for the named recipients above and may contain information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message. Thank you.

2

# Kathleen Kruck

| | |
|---|---|
| **From:** | Kathleen Kruck <kkruck@canfieldbaer.com> |
| **Sent:** | Wednesday, June 11, 2014 10:58 AM |
| **To:** | alison.feehan@kutakrock.com |
| **Subject:** | Response to Discovery Inquiry #1 |
| **Attachments:** | SKMBT_50014061107130.pdf; SKMBT_50014061107140.pdf; SKMBT_50014061109150.pdf |

Dear Ms. Feehan,

If you would kindly confirm that you received my fax yesterday that included Mr. Canfield's May 12th response, I would appreciate it.

Attached, please find the 2010 and 2011 tax returns. Due to the size of the files, the 2012 return will be e-mailed separately, along with the recopied material. There was one document that we could not locate but, as it is public record, you should be able to access the document yourself. I have marked it so you know which one it is.

We will also be mailing you supplemental discovery documents this week.

As to your request for a more specific itemized response, Ms. Karo is not obligated to request copies of the documentation, only to provide what she has. She has done this. Ms. Karo does not know where the missing documents are. If we knew where they were, we would have sent them.

Our privilege log is also attached.

Kathleen C. Kruck
Paralegal to Robert A. Canfield, Esq.
and Hunter R. Wells, Esq.
Canfield, Baer & Heller, LLP
2201 Libbie Avenue, Ste. 200
Richmond, Virginia 23230
Phone: (804) 673-6600
Fax: (804) 673-6604
kkruck@canfieldbaer.com



EXHIBIT 3