**Williams Mullen, P.C.**
William D. Bayliss, VSB #13741
200 South 10th Street
Richmond, VA 23219
804.420.6459
bbayliss@williamsmullen.com
Counsel for Bowles Affiliates, P.C.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE: WILLIAM ANDREW KARO, Case No. 13-33011
Chapter 7

Debtor.

**BOWLES AFFILIATES, P.C.'S OBJECTION TO ENTRY OF AN ORDER COMPELLING COUNSEL TO COMPLY WITH SUBPOENAS AND FOR 2004 MOTION TO EXAMINE COUNSEL**

Your Petitioner, Bowles Affiliates, P.C. ("Bowles Affiliates"), by counsel, for its Objection to Motion of Bruce Robinson, Trustee ("Trustee"), for an Order compelling debtor's prior counsel to comply with a subpoena *duces tecum* ("subpoena") and for an Order to examine prior counsel pursuant to Rule 2004, and as and for its grounds for objections states as follows:

1. The Trustee served the subpoena on Bowles Affiliates on April 30, 2014 seeking the "entire" file relating to the representation of the debtor, William Andrew Karo. The subpoena is overly broad for a number of reasons that are addressed herein, and to the extent this subpoena is proper for any reason, it needs to be narrowed significantly.

2. There has been an ongoing dialog between Bowles Affiliates and Ms. Feehan regarding efforts to deal with primarily the attorney/client privilege issues, since Bowles Affiliates actually had three different engagement letters with three different clients, all of which

overlapped and all of which make attorney/client issues more sensitive due to the overlap. In fact, as referred to herein, a significant amount of the work done by Bowles Affiliates was done for William A. Karo, II by Page S. Karo, his mother, and not for the Debtor.

3. During this time frame and unknown to Bowles Affiliates, the Trustee herein has filed a lawsuit against Bowles Affiliates in the Richmond Circuit Court on June 30, 2014 seeking to recover the losses incurred in the suit filed against Wachovia which losses amount to approximately $900,000. Bowles Affiliates was not served with the suit that was filed earlier and Bowles Affiliates has just learned of this, which creates more confusion as to the reasons for the subpoena and for the deposition.

4. Because of the fact that there were three different engagement letters for three different clients where attorney/client issues arise and because the Trustee has also sued Bowles Affiliates in the Richmond Circuit Court, Bowles Affiliates clearly must be extremely cautious in what is properly subject to the subpoena and cannot turn over the "entire files", as it would violate ethical rules since the files overlap one another, and the work that is subject to the lawsuit filed by Trustee relates to a matter that is different from the engagement by the debtor in this case. Further, it appears that counsel for the Debtor has clearly indicated to everyone that they would not waive any privilege.

5. Now the Trustee has filed suit against Bowles Affiliates that raises other potential issues regarding what is properly the subject of a subpoena or the deposition.

6. Bowles Affiliates has just retained William D. Bayliss and Williams Mullen, P.C. as its counsel this week now that it became aware of the lawsuit filed by Trustee to investigate what, if anything, is properly producible under the subpoena and investigate whether a 2004 deposition is appropriate, and counsel for Bowles Affiliates will work with counsel for Trustee to

see if the subpoena can be narrowed to allow the appropriate documents to be produced, to the extent they exist.

7. Since there were three different engagements with three different clients at three different times and since the Trustee has filed suit against Bowles Affiliates and it appears that the claim arises out of the engagement where Bowles Affiliates represented William A. Karo, II by Page S. Karo, clearly the documents relating to those issues would be subject to attorney/client privilege, which does not belong to the Trustee and cannot be waived, and these documents would overlap with what has been requested in the subpoena.

8. In the event counsel cannot agree on what might be a proper production of documents, Bowles Affiliates needs direction from the Court as to what is the proper subject of the subpoena without violating ethical standards.

9. Bowles Affiliates objects to the 2004 notice for their deposition on the grounds that the scope would be overly broad and in light of the fact that suit has been filed and is now pending in the Richmond Circuit Court against Bowles Affiliates, there needs to be a specific outline of the content of the deposition in order to avoid privilege issues at a minimum.

10. Since counsel has just been engaged by Bowles Affiliates, Bowles Affiliates represents to the Court that its counsel will work with counsel for the Trustee to see if these issues can be resolved and reserves the right to supplement this objection after those efforts have been made.

WHEREFORE, Bowles Affiliates prays that this Court not enter any Order which compels any production of documents or compels a 2004 deposition until the hearing has been concluded, and that hearing is now scheduled for September 3, 2014 at 2:00 p.m., at which time, if not agreed upon, the Court may then determine the scope of the request for production of

documents which would not violate the ethical duties and responsibilities of Bowles Affiliates and further decide the scope of any 2004 deposition.

BOWLES AFFILIATES, P.C.

By: ____/s/ William D. Bayliss_________
Counsel

William D. Bayliss, Esquire (VSB # 13741)
bbayliss@williamsmullen.com
Joseph E. Blackburn, III, Esq. (VSB #81871)
jblackburn@williamsmullen.com
Williams Mullen
200 South 10th Street, 16th Floor
Richmond, VA 23219
Telephone No.: (804) 420-6000
Facsimile No.: (804) 420-6507
*Counsel for Defendant Bowles Affiliates, P.C.*

**CERTIFICATE**

I HEREBY CERTIFY that on this 1st day of August, 2014, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Charles H. Krumbein, Esquire
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Dr.
Suite 300
Richmond, VA 23230
804-673-4358
Fax : 804-373-4350
Email: charlesh@krumbein.com
*Counsel for Debtor William Andrew Karo*

Alison W. Feehan, Esquire
Kutak Rock LLP
1111 E. Main St., Ste. 800
Richmond, VA 23219
(804) 343-5205
Email: alison.feehan@kutakrock.com

Loc Pfeiffer
Kutak Rock LLP
1111 East Main Street, Suite 800
Richmond, VA 23219-3500
(804) 343-5210
Email: loc.pfeiffer@kutakrock.com

Bruce E. Robinson
P.O. Box 538
417 E. Atlantic Street
South Hill, VA 23970-0538
(434) 447-7922
Fax : 866-675-2929
Email: bruce.robinsontr@gmail.com

Ellen L. Valentine
Kutak Rock LLP
1111 East Main Street, Suite 800
Richmond, VA 23219-3500
804-644-1700
Email: ellen.valentine@kutakrock.com
*Counsel for Trustee Bruce E. Robinson*

Shannon Franklin Pecoraro, Esquire
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
(804) 771-2319
Fax : (804) 771-2330
Email: shannon.franklin@usdoj.gov
*Counsel for U.S. Trustee Judy A. Robbins, 11*

By: ____/s/_William D. Bayliss_________
Counsel

26144365_1