**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 39632)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA 23219
Telephone: 804-644-1700
Loc.Pfeiffer@kutakrock.com
Jeremy.Williams@kutakrock.com
*Counsel for Bruce E. Robinson, Chapter 7 Trustee*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: WILLIAM A. KARO | ) Case No. 13-33011 |
| | ) Chapter 7 |
| Debtor. | ) |

**ORDER APPROVING COMPROMISE WITH PAGE KARO AND W.A.K., II**

THIS MATTER comes before the Court upon the *Trustee's Motion to Approve Compromise with Page Karo and W.A.K., II* (the "Motion") filed by Bruce E. Robinson, Trustee for the Bankruptcy Estate of William A. Karo (the "Trustee"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure. Based on the review of the Motion, the record and related pleadings, the Court makes the following findings and conclusions:

1. The Motion concerns a core proceeding pursuant to 28 U.S.C. § 157. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and personal jurisdiction over all parties pursuant to Rule 7004(f) of the Federal Rules of Bankruptcy Procedure.

2. The Trustee maintains claims against Page Karo and her minor son "WAK" related to certain funds (the "Funds") received in connection with a purported disclaimer executed by the Debtor of his interest in a family trust known as the Karo Residual Trust Fund. The validity of the disclaimer is disputed. The Funds have been spent for a variety of purposes and a substantial portion of the Funds were used to purchase a house in the name of Page Karo and WAK. After

4822-0031-8250.2

numerous discussions, the Trustee has agreed to accept a payment of $50,000.00 to settle all claims. In exercising his business judgment, the Trustee has concluded the compromise is fair and equitable and in the best interests of the Debtor's estate and creditors.

3. "To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy." *In re Martin*, 91 F.3d 389, 393 (3d Cir. 1996). In determining whether to approve a compromise, the Court must look at various factors and determine whether the compromise is in the best interest of the estate and whether it is fair and equitable to the creditors of the estate. *In re Frye*, 216 B.R. 166, 174 (Bankr. E.D. Va. 1997). These factors include: (a) the probability of success in litigation; (b) the potential difficulties, if any, in collection; (c) the complexity of the litigation involved and the expense, inconveniences and delays necessarily attending it; and (d) the paramount interest of the creditors. *Id.* (citations omitted). These factors help the Court determine whether it should approve the proposed compromise as fair and equitable to the creditors of the estate. *Martin v. Kane (In re A & C Properties)*, 784 F.2d 1377 (9th Cir. 1986); *Drexel, Burnham, Lambert, Inc. v. Flight Transportation Corp. (In re Flight Transportation Corp. Securities Litigation)*, 730 F.2d 1128 (8th Cir. 1984); *In re Jackson Brewing Co.*, 624 F.2d 605 (5th Cir. 1980); *see also In re Austin*, 186 B.R. 397 (Bankr. E.D. Va. 1995) (discussing factors to approve compromises).

4. The Trustee conducted a cost-benefit analysis regarding these matters, including the costs associated with further litigation and the likelihood of recovery of any judgment obtained, and has concluded the compromise is fair, reasonable and serves the best interests of the estate and the creditors. In consideration of the probability of success in litigation, the potential difficulties in collection, the complexity of the litigation and the attending expense, inconveniences and delays, and the paramount interest of the creditors, the Court finds the

compromise fair and reasonable. The Court adopts and approves of the Trustee's business judgment to enter into the compromise.

5. Notice of the Motion was properly served on all parties in interest pursuant to Federal Rule of Bankruptcy Procedure 2002. No objection was filed to the Motion.

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED and the compromise is APPROVED.

2. Within five (5) days of the entry of this Order, Page Karo shall deliver Fifty Thousand Dollars and 00/100 ($50,000.00) to the Trustee.

3. The Trustee is authorized to take all necessary actions, including, without limitation, executing all necessary documents, to consummate the compromise.

4. No further service of this Order is required; all necessary parties will be served pursuant to the ECF rules of this Court.

ENTERED: Dec 8 2015

/s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY COURT JUDGE

Entered on Docket: 12/8/15

Order submitted by:

/s/ Jeremy S. Williams
**KUTAK ROCK LLP**
Loc Pfeiffer (VSB No. 71362)
Jeremy S. Williams (VSB No. 77469)
1111 East Main Street, Suite 800
Richmond, VA 23219
Telephone: 804-644-1700
Loc.Pfeiffer@kutakrock.com
Jeremy.Williams@kutakrock.com
  *Counsel for Bruce E. Robinson, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

      Pursuant to the Local Rules of this Court, I hereby certify under penalty of perjury that on December 3, 2015, a true and correct copy of the foregoing was served via the Court's ECF system on the following necessary parties:

*U.S. Trustee's Office*
Shannon Pecoraro
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219
Email: Shannon.pecoraro@usdoj.gov

*Counsel to the Debtor*
Charles H. Krumbein
Krumbein Consumer Legal Services, Inc.
1650 Willow Lawn Dr.
Suite 300
Richmond, VA 23230
Email: charlesh@krumbein.com

*Counsel to Page Karo and WAK*
William R. Baldwin, III
Thorsen, Honey, Baldwin & Meyer LLP
5600 Grove Avenue
Richmond, Virginia 23226
billbaldwin@mthblaw.com

                                                      /s/ Jeremy S. Williams
                                                              Counsel